

ENTERED
12/01/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:                                          §
REICHMANN PETROLEUM CORP.; fka    §          CASE NO: 06-20804
RICHMAN PETROLEUM CORP.           §
    Debtor(s)                             §
                                                §          CHAPTER  11

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT RELATING TO Docket #3966

On this day came on for consideration the Motion for Summary Judgment on ConocoPhillips Company's Motion for Allowance of Payment of Administrative Claim and to Determine Default on Assumed Executory Contract (the "Motion for summary Judgment") filed by John and Marilyn Dahlberg and the John and Marilyn Dahlberg Community Property Trusts ("Dahlberg"). The court, having heard the arguments of counsel and having reviewed the pleadings and briefs on file herein, finds that there are no genuine issues of material fact and the Motion for Summary Judgment should be granted.

Reichmann Petroleum Corp. ("Reichmann") is the Lessee of an Oil and Gas Lease dated January 15, 2005, and an Unrecorded Top Lease Agreement dated June 28, 2005, by and between the Villarreal Family Land and Mineral Co., Ltd., a Texas Limited Partnership, by and through its General Partner, Gustavo Villarreal, Jr. and the Estates of Gustavo and Blanca Villarreal, deceased, and Gustavo Villarreal, Jr. as Lessor (the "Villareal Lease"). On July 11, 2005, Reichmann sent John Dahlberg a proposed letter agreement offering a 3.125% Working Interest in the Villareal Lease and Prospect, which the Dahlbergs elected in writing to purchase and paid Reichmann $82,865.00, on July 15, 2005.

On July 27, 2005, Reichmann and ConocoPhillips Company ("Conoco") entered into a partial assignment to Conoco of an undivided 65.625% in the Villareal Lease, which was recorded on August 4, 2005. On July 27, 2005, Reichmann executed the Villarreal Joint Operating Agreement. On July 31, 2005, Conoco executed the Villarreal Joint Operating Agreement. The Villareal Joint Operating Agreement states it is effective July 21, 2005. The Villarreal Joint Operating Agreement contains a "Preferential Right to Purchase" that states:

> Should any party desire to sell all or any part of its interests under this agreement, or its rights and interests in the Contract Area, it shall promptly give written notice to other parties, with full information concerning its proposed disposition, which shall include the name and address of the prospective transferee (who must be ready, willing, and able to purchase), the purchase price, a legal description sufficient to identify the property, and all other terms of the offer. … However, there shall be no preferential right to purchase in those cases where any party wishes to mortgage its interests … or to dispose of its interests by merger, reorganization, consolidation, or by sale of all or substantially all of its Oil and Gas assets to any party…

On December 8, 2006, Reichmann filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 27, 2007, Reichmann filed its Chapter 11 Plan of Reorganization. The Plan and its attachments identified the Dahlbergs as owners of a 3.125% unassigned working interest in the Villarreal Lease.

On July 16, 2007, the Dahlbergs filed an adversary proceeding styled John and Marilyn Dahlberg, et. al. v. Reichmann Petroleum Corp., et. al., Adv. Pro. No. 07-2045 (the "Adversary") seeking an assignment of their working interest from Reichmann. On November 26, 2007, the Dahlbergs elected the litigation option under Section 9.04 of the Amended Joint Plan of Reorganization.

On July 7, 2008, Conoco filed its Motion for Allowance and Payment of Administrative Claim and to Determine Default on Assumed Executory Contract (the Motion to Allow") in which it claimed that "pre-petition and pursuant to the Plan, the Debtor purports to assign interests to unassigned working interest owners in violation of the preferential rights provision" of the Villarreal Joint Operating Agreement. Conoco further asserted in the Motion to Allow that the Debtor had to cure any breaches of the Villarreal Joint Operating Agreement after it was assumed by the Debtor and that the Debtor's pre-petition and/or post petition transfer of interests in the Villarreal Lease to the Dahlbergs is a breach of the preferential right to purchase provision of the Villarreal Joint Operating Agreement. The Dahlbergs filed a timely objection and opposition to the Motion to Allow.

In January, 2009, the Dahlbergs, Debtor, the Trust, and Trustee entered into a Mutual Release and Settlement Agreement of the Adversary, in which the Debtor, Trust and Trustee agreed to assign 90% of the working interests previously sold to the Dahlbergs in exchange for certain mutual releases. On March 2, 2009, the Court entered an order approving the Settlement Agreement.

Although the Dahlbergs did not receive assignments in July 2005, with regard to their working interests, it is undisputed that Reichmann did not have any contractual relationship with Conoco and that the Villarreal Joint Operating Agreement was not in effect until July 21, 2005, after the transactions between Reichmann and the Dahlbergs. As a result, Reichmann's transactions with the Dahlbergs pre-petition could not constitute a pre-petition breach of the Villarreal Joint Operating Agreement that must now be cured

by the Debtor because there was no agreement in effect between Reichmann and Conoco that could be breached.

In addition, Reichmann, the Trust and the Trustee's agreement to provide the Dahlbergs with assignments of their working interest in the Villarreal Lease as set forth in the Mutual Release and Settlement Agreement, which was made expressly subject to the determination of the Motion to Allow, is not a "sale" of "all or any party of [Reichmanss's] interests" under the Villarreal Joint Operating Agreement such that the preferential right to purchase provision is applicable or would be triggered because (a) any "sale" of Reichmann's interests was in 2005, (b) Reichmann's interests, which are the subject of the Villarreal Joint Operating Agreement, do not include the Dahlbergs' interests, an d(c) the agreement to execute formal assignments of the Dahlberg's interests is not a "sale."

However, even if this Court were to adopt Conoco's position that the agreements to provide assignments in the Mutual Release and Settlement Agreement was a "sale" of Reichmann's interests, the preferential rights provision is still not applicable because the "sale" of the Debtor's assets is part of the overall sale of "substantially all of [the Debtor's] Oil and Gas assets" as stated in the Villarreal Joint Operating Agreement. The Dahlbergs elected under the Plan to litigate their entitlement to the assignments at issue and the Plan set forth how that litigation was to be initiated and what issues had to be determined. Moreover, the Debtor's Plan contemplated that the Debtor would be closing down its business and that a Trust would be established for the benefit of the creditors. Accordingly, any "sale" to the Dahlbergs is part of the entire sale of the Debtor's Oil and Gas assets.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment. *Anderson v. Liberty Lobby, Inc.,* 477  U.S. 242, 248 (1986). For the reasons stated herein, the Court finds that there are no genuine issues of material fact and summary judgment should be granted.

It is therefore ORDERED that the Motion for Summary Judgment on ConocoPhillips Company's Motion for Allowance of Payment of Administrative Claim and to Determine Default on Assumed Executory Contract is hereby GRANTED.

It is further ORDERED that the Motion to Allow filed by ConocoPhillips is hereby DENIED.

It is further ORDERED that pursuant to the terms of the Second Amended Agreed Order to Bifurcate Determination of Issues Regarding Hearing on ConocoPhillips Company's Motion for Allowance and Payment of Administrative Claim and to Determine Default on Assumed Executory Contract, this Order is a Final Order, subject to immediate appeal.

Dated: 12/01/2009

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge